MEMORANDUM OF DECISION
MANFREDI, Judge.
This matter was tried before the Court on February 8, 2005. It arises out of a slip and fall which occurred on December 31, 2002 while the Plaintiff was walking back to her table from the buffet line in the Season’s Buffet at the Mohegan Sun Casino.
The Action was commenced by complaint dated September 5, 2003 whereby the Plaintiff alleged she was injured in the fall referred to above due to the negligence of the Defendant, its agents, servants or employees.

FACTS

The undisputed testimony presented by the Plaintiff established the following.
The Plaintiff arrived at the Mohegan Sun Casino on New Year’s Eve 2002 around 10:30PM. She arrived with a tour bus group and was with her sister Lilah Fink' and a friend, Lillian Alexander. Upon arrival they looked around the casi *520 no and then went to what they referred to as the “food court” but which was actually the Season’s Buffet.
The Plaintiff and her sister and friend sat at a table near the buffet line and made one trip to the buffet for food. After some period of time they decided to go for dessert. Lillian Alexander remained at the table to watch pocketbooks while the Plaintiff and her sister went to the buffet. The Plaintiff decided not to have dessert and proceeded back to her table.
On her way back to the table Plaintiff slipped and fell hitting her right shoulder and back on the floor. After her fall, Plaintiff and her sister both saw a red substance on the floor and her clothing which appeared to be jello. Neither of them saw this substance prior to the fall. Ms. Alexander testified that she observed the red substance on the floor while the Plaintiff and her sister were in the dessert line about five minutes before the fall. She thought someone would clean it and did not call it to anyone’s attention.
The only employees the group noticed before the Plaintiff fell were in the serving line behind the food.

DISCUSSION

This action is governed by the provisions of Tribal Ordinance 2001-07, known as the “Mohegan Torts Code,” hereinafter the “Code.” The Code applies to “any and all tort claims arising on the Mohegan Reservation that may be brought against the MTGA .... ” and, is “the exclusive means of adjudication of claims brought against the MTGA...”
Additionally, MTO 95-4 sets forth the substantive law of the Court to be the Tribal Ordinances and regulations; the General Statutes of the State of Connecticut; and, the common law of the State of Connecticut, except to the extent that such statutes or common law is in conflict with Mohegan Tribal Law.
The Plaintiffs claim is clearly a “tort” claim asserting negligence in connection with maintenance of the premises.
As noted in Conn. Law of Torts, 3rd Ed, Wright, et al Sec 49, the possessor of land owes a duty to invitees to inspect the premises and is liable for defects which would be discovered by a reasonable inspection. However, “even an invitee must show that the defect has been present for a sufficient period of time so that the land possessor has had the opportunity to discover it.”
This Court has had several occasions to interpret and apply the doctrine of constructive notice in the past. Gentile v. MTGA, 1 G.D.R. 76 (2003); Harris v. MTGA, 1 G.D.R. 86 (2003). In order to successfully prosecute a claim such as the Plaintiffs there must be more evidence than the mere presence of a foreign substance on the floor. There must be some evidence to conclude that the object or substance had been on the floor for a “sufficient period of time so that the land possessor had the opportunity to discover it.”
Here, as in the cases cited, there was simply no evidence as to how the red substance got on the floor, or how long it had been there. Although Lillian Alexander thought the substance had been on the floor for about five minutes, neither the Plaintiff nor her sister observed it on their way to the buffet line to get dessert. As noted in Gentile, Supra, five minutes is an insufficient time as a matter of law to find constructive notice of the defect. Under the circumstances, the Court concludes that the Plaintiff has failed to prove facts *521 from which notice of the red substance could be imputed to the Defendant.
Judgment may enter for the Defendant.